Superior Court of Cincinnati.

WALTER J. BERG v. JOHN SOFGE.

Decided, March 31, 1915.

*Claim for Damages to Automobile—Defense of Payment of all Loss by Insurance Company—Subrogation.*

A wrong doer can not escape liability for damages on the plea that the injured party has been indemnified by a third person, such as an insurer, with whom the wrong doer is not in privity and with whom he has no connection.

*Wolf & Bailey*, for plaintiff in error.

*Robertson & Buchwalter*, for defendant in error.

PUGH, J.

The second defense set up in the reply to the defendant's cross petition has been demurred to as not setting out facts sufficient in law to constitute a defense to the cause of action stated in said cross petition.

The cause of action in question consists of a claim for damages for injuries to an automobile, arising from an alleged tort, and the defense involved in this demurrer in substance is that the defendant was insured against these injuries, and, since the accident, has been paid the entire loss, *i. e.*, the damages claimed in this action.

The insurer—a company, by the way—is not a party to this action, nor does it appear that any steps whatever have been taken to enforce any claim by it against the alleged wrongdoer.

It is argued, and is so pleaded though the allegations is a mere conclusion of law—that the effect of the payment of the entire loss was to subrogate the insurer to the cause of action contained in the cross petition, and therefore, such payment operated as an equitable assignment of the claim to said insurer. Hence, it follows according to this argument, the cross petitioner is not the real party in interest, and under General Code, Section 11241, can not maintain this action.

The fallacy of this contention in the opinion of the court, becomes apparent when it is remembered that subrogation is possibly only in equity. The mere payment of the loss by an insurer does not *ipso facto* work an assignment. It merely gives an equity to be subrogated to the claim thus paid, provided there are no existing equities in favor of the insured which forbid such subrogation. Whether there are or are not such equities can only be determined in an action to which both the insurer and the insured are parties, and where each can set out his equitable status and the court can weight and determine the respective equitable claims. No case has been cited or found where a

wrong-doer has been allowed to escape liability to an injured party upon the plea that the latter has been indemnified for his loss by a third person—such as an insurer with whom the wrong-doer is not in privity and with whom he has no connection.

The argument that the wrong-doer would be compelled to pay damages twice over if the injured party could maintain his action after having been reimbursed by his insurer has no foundation either at law or in equity. The only possible recovery by the insurer against the tort-feasor would be on the ground of subrogaton to the claim of the injured person, and any defense good against the latter would necessarily be good against anyone subrogated to the claim. A recovery by and payment of the judgment to the injured party would be concluded against all in privity with him, and would settle once and forever all claims to subrogation.

The demurrer will therefore be sustained.